NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation, EMI CHRISTIAN MUSIC GROUP, INC., a California corporation; LAFACE RECORDS LLC, a Delaware limited liability company; PRIORITY RECORDS, LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ZOMBA RECORDINGS, LLC, a Delaware limited liability company,<br><br>        Plaintiffs,<br><br>  v.<br><br>MYXER INC., f/k/a mVISIBLE TECHNOLOGIES, INC., and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. CV08-3935-GAF (JCx)<br><br>Assigned to Hon. Gary A. Feess<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to the Stipulation of the parties and Fed. R. Civ. P. 26(c)(7), the Court finds that good cause exists for entry of this Protective Order because the parties to this action (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to become involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitors; (2) believe that unrestricted disclosure or dissemination of such information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as confidential and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

Therefore, IT IS ORDERED as follows:

**1. DEFINITIONS**

1.1   As used herein, the term "CONFIDENTIAL INFORMATION" means (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or third party contends would cause serious harm to the disclosing party's or a third party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies, computer code, technical materials; and (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases.

1.2   As used herein, the term "DOCUMENTS" means and includes the terms "document," "documents," "tangible things," "recordings," and "photographs" as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and includes, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, deposition testimony, answers to interrogatories, and responses to requests for admissions, including copies or computer-stored versions of any of the foregoing.

1.3   As used herein, the term "PRODUCING PARTY" means the party or third party who has produced the CONFIDENTIAL INFORMATION in this litigation in response to a discovery demand (e.g., request for the production of documents, interrogatories, subpoena, etc.).

1.4   As used herein, the term "RECEIVING PARTY" means the party who has received the CONFIDENTIAL INFORMATION in this litigation in response to a discovery demand (e.g., request for production of documents, interrogatories, subpoena, etc.).

**2.   DESIGNATION OF CONFIDENTIAL INFORMATION AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

2.1   Any party or third party responding to discovery in this action may, at the time of disclosure of such information, designate information it in good faith believes constitutes its CONFIDENTIAL INFORMATION by designating such information as "confidential" or, if it in good faith believes that disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means, "highly confidential – attorneys' eyes only," by placing the notation "confidential" or "highly confidential – attorneys' eyes only" on every page of each document or portion thereof so designated.  In the case of CONFIDENTIAL INFORMATION disclosed in a non-paper medium (e.g.,

videotape, audiotape, computer disks, etc.), the notation "confidential" or "highly confidential – attorneys' eyes only" shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the CONFIDENTIAL INFORMATION contained therein.

2.2   CONFIDENTIAL INFORMATION (whether designated "confidential" or "highly confidential – attorneys' eyes only") shall be used only for the purposes of this litigation and may not be used by any party to which that information is produced or disclosed for any other purpose, nor may confidential information produced by one plaintiff be provided to any other plaintiff without the prior written consent of the PRODUCING PARTY.

2.3   Except as may be ordered by the Court or agreed to in writing by the party that designated the material, CONFIDENTIAL INFORMATION designated as "confidential" shall not be disclosed to anyone, and counsel for the parties shall take appropriate steps to ensure that it is not disclosed to anyone, other than the following persons:

2.3.1   Outside and in-house counsel for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services who are working on this litigation under the direction of such attorneys and to whom it is necessary that the material be disclosed for purposes of this litigation.

2.3.2   Current officers, directors, and employees of the parties to this action to whom disclosure is reasonably necessary for the prosecution or defense of this action, including but not limited to discussion of the possibility of settlement.

2.3.3   Consultants requested by a party's counsel to furnish expert or litigation support services in this litigation and who agree in advance to be bound by the terms of this Protective Order.

1        2.3.4  Deponents at their depositions, pursuant to the provisions of Section 3 herein.

        2.3.5  The Court and its staff, mediators and settlement officers used in settlement proceedings in this action and their staff.

    2.4  Except as may be ordered by the Court or agreed to in writing by the party that designated the material, CONFIDENTIAL INFORMATION designated as "highly confidential – attorneys' eyes only" shall not be disclosed to anyone, and counsel for the parties shall take appropriate steps to ensure that it is not disclosed to anyone, other than the following persons:

        2.4.1  Outside counsel for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees who are working on this litigation under the direction of such attorneys and to whom it is necessary that the material be disclosed for purposes of this litigation.

        2.4.2  Consultants who are not employees, officers, or directors of a party and who are requested by a party's counsel to furnish expert or litigation support services in this litigation and who agree in advance to be bound by the terms of this Protective Order.

        2.4.3  Deponents at their depositions, subject to the provisions of Section 3 herein.

        2.4.4  The Court and its staff, and mediators and settlement officers used in settlement proceedings in this action and their staffs.

    2.5  Any party which files or lodges with the Court any designated CONFIDENTIAL INFORMATION shall take all reasonable steps to preserve its confidentiality, including maintaining the designation of confidentiality in all places where that information is so used and requesting that such information is filed or lodged with the Court under seal in accordance with the procedures of C.D. Cal. Local Rule 79-5.1.

2.6     Nothing herein shall prohibit disclosing a document that contains CONFIDENTIAL INFORMATION to the person whom the document identifies as an author, addressee, or recipient of such document.

2.7     Notwithstanding any other provision of this Protective Order, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply (as the case may be) to any CONFIDENTIAL INFORMATION, including CONFIDENTIAL INFORMATION designated as "highly confidential – attorneys' eyes only," that:

    2.7.1  at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

    2.7.2  has become, through no act or failure on the part of the RECEIVING PARTY, part of the public domain by authorized publication or otherwise lawful means;

    2.7.3  at the time of disclosure, was already in the lawful possession of the RECEIVING PARTY;

    2.7.4  after disclosure hereunder, was acquired by the RECEIVING PARTY from a third party lawfully possessing such CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION designated as "highly confidential – attorneys' eyes only, and having no confidentiality obligation to the PRODUCING PARTY;

    2.7.5  the PRODUCING PARTY agrees may be disclosed under no confidentiality obligation; or

    2.7.6  the Court, after notice to the parties and upon good cause, orders to be disclosed.

## 3. DEPOSITIONS

With respect to the examination of witnesses upon oral deposition:

3.1     Counsel must have a good faith belief that such disclosure is necessary before disclosing CONFIDENTIAL INFORMATION designated as "confidential" or "highly confidential – attorneys' eyes only" to a deponent.

3.2     If a party or third party wishes to disclose CONFIDENTIAL INFORMATION designated as "highly confidential – attorneys' eyes only" to a witness at a deposition who is not a current officer, director or employee of the PRODUCING PARTY or an identified recipient of the CONFIDENTIAL INFORMATION, the party or third party shall notify the PRODUCING PARTY in writing at least five (5) calendar days prior to the deposition of the specific CONFIDENTIAL INFORMATION designated as "highly confidential – attorneys' (such as by identifying by Bates number the DOCUMENTS that contain the CONFIDENTIAL INFORMATION) that it intends to disclose, in order to give the PRODUCING PARTY an opportunity to object to such disclosure.  In the event the PRODUCING PARTY objects prior to the scheduled commencement of the deposition, the CONFIDENTIAL INFORMATION shall not be disclosed to the witness until the Court rules on that objection or the objection is withdrawn..  For purposes of this paragraph only, the parties agree to waive the time requirements of Central District Local Rule 37 and, instead, agree that they will work cooperatively and expeditiously to meet and confer and arrange for the filing of motions or applications or the scheduling of a conference with the Magistrate assigned to this matter seeking to prevent disclosure of CONFIDENTIAL INFORMATION to a deponent.

3.3     All persons other than those included within the categories of individuals entitled to receive such CONFIDENTIAL INFORMATION pursuant to paragraph 2.4 above, including in-house counsel, employees, officers and directors of any party other than THE PRODUCING PARTY, shall be excluded from a deposition during any discussion of the CONFIDENTIAL INFORMATION designated  "highly confidential – attorneys' eyes only."

     3.4    Each third party deponent to whom any party discloses designated as "confidential" or "highly confidential – attorneys' eyes only" at a deposition shall be given a copy of this PROTECTIVE ORDER, informed of its contents, and must agree to its terms prior to such disclosure.

     3.5    Testimony at a deposition may be designated "confidential" or "highly confidential – attorneys' eyes only" if so designated CONFIDENTIAL INFORMATION is supplied to the deponent, or if the deponent's testimony contains, reflects, or comments on CONFIDENTIAL INFORMATION satisfying the criteria for such designation. A party or third party also may, within twenty (20) days after receiving a copy of the deposition transcript, designate testimony as "confidential" or "highly confidential – attorneys' eyes only" by providing all parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, being so designated.

     3.6    When deposition testimony is designated as "confidential" or "highly confidential – attorneys' eyes only," the deposition reporter and/or videotape operator shall be informed of this Protective Order by the party or third party seeking to invoke its protection. The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated confidential information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO AN ATTORNEYS-EYES-ONLY COURT PROTECTIVE ORDER" as appropriate.

**4.     UNINTENTIONAL FAILURE TO DESIGNATE**

    4.1    If, through inadvertence, a party or third party provides any CONFIDENTIAL INFORMATION pursuant to this litigation without designating and marking it as "confidential" or "highly confidential – attorneys' eyes only", or fails to designate materials correctly, that party or third party may subsequently inform the other parties of the confidential nature of the DOCUMENTS, and they

shall treat the DOCUMENTS as "confidential" or "highly confidential – attorneys' eyes only" CONFIDENTIAL INFORMATION upon receipt of such written notice.

      4.2    Disclosure of such CONFIDENTIAL INFORMATION to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the distributing party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by attempting to retrieve all copies of the CONFIDENTIAL INFORMATION, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such CONFIDENTIAL INFORMATION and advising the person to whom disclosure was made that the material is "confidential" or "highly confidential—attorneys' eyes only" and should be treated as provided in the Order.

**5.**    **UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

      5.1    Counsel shall exert their best efforts to identify DOCUMENTS protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such DOCUMENTS. If, however, a party unintentionally discloses DOCUMENTS that are privileged or otherwise immune from discovery, the party shall, within seven (7) business days upon discovery of the disclosure, so advise the RECEIVING PARTY or parties in writing, request the DOCUMENTS be returned, and attach a privilege log with an entry pertaining to the DOCUMENTS that are privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert on this basis that the disclosure waived any privilege or immunity.

      5.2    It is further agreed that the RECEIVING PARTY or parties will return or destroy the inadvertently produced DOCUMENTS that can be located using reasonable efforts, and all copies and derivations, within five (5) business days of receipt of a written request for the return of the DOCUMENTS. The cost, if any, for

excising such DOCUMENTS or material by the RECEIVING PARTY or parties shall be borne by the PRODUCING PARTY.

5.3     The RECEIVING PARTY having returned the inadvertently produced DOCUMENTS may thereafter seek production of the DOCUMENTS in accordance with the Federal Rules of Civil Procedure, including, but not limited to, bringing a motion to compel.  To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this Order shall require a RECEIVING PARTY to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material.

## 6.     CHALLENGING A DESIGNATION

6.1     A Party which disputes the propriety of a "confidential" or "highly confidential – attorneys' eyes only" designation shall challenge such designation within a reasonable time after the materials are so designated, and shall comply with the requirements of Central District Local Rule 37, except that nothing herein shall prohibit a party from seeking relief on shortened time if the party reasonably believes that circumstances warrant such relief.

6.2     The party challenging the propriety of a designation as "confidential" or "highly confidential – attorneys' eyes only," shall have the burden of initiating the preparation of a motion pursuant to Central District Local Rule 37, but on any such motion, the party that designated material as "confidential" or "highly confidential – attorneys' eyes only," shall have the burden of proving that the designation is appropriate.

**7.     CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION**

7.1     The protections and limitations on disclosure set forth in this Protective Order shall survive the termination of this action, and shall continue permanently in full force and effect, unless counsel agree otherwise in writing.

7.2     Where practical, a party or third party may demand, within sixty (60) days of the termination of this action, either by nonappealable final judgment or settlement of the entire action as to all parties, that the other parties destroy or return to the PRODUCING PARTY or third party all copies of DOCUMENTS containing CONFIDENTIAL INFORMATION produced by that party or third party. However, nothing herein shall require extraordinary or unduly expensive or burdensome measures to locate all electronic copies of DOCUMENTS containing CONFIDENTIAL INFORMATION.

7.3     Notwithstanding the foregoing, counsel of record and each party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases, and nothing in this Protective Order shall be construed to require any party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel.

**8.     MISCELLANEOUS PROVISIONS**

8.1     The provisions of this PROTECTIVE ORDER apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, except that the provisions of this PROTECTIVE ORDER shall not apply to evidence presented at court proceedings nor otherwise restrict any party from introducing designated "confidential" or "highly confidential – attorneys' eyes only" as evidence at trial.  A party may seek a protective order prior to trial with respect to

1 the use of designated "confidential" or "highly confidential – attorneys' eyes only",
2 or testimony containing CONFIDENTIAL INFORMATION at trial.

3       8.2    By entering into this Protective Order, no party or third party waives
4 any objections it might have to the production of documents covered by this
5 Protective Order.

6       8.3    No party to this action, by entering into this Protective Order, by
7 designating certain information as "confidential" or "highly confidential – attorneys'
8 eyes only", or by acquiescing in any other party's designation of information as
9 "confidential" or "highly confidential – attorneys' eyes only", shall be deemed to
10 have admitted or agreed that any such designated information is, in fact,
11 CONFIDENTIAL INFORMATION.

12       8.4    Neither the Court nor its employees are parties to this agreement and
13 are not bound in anyway by its terms.

14 / / /
15 / / /

8.5     The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to it that the Court may from time to time deem appropriate.  The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed confidential information.

AGREED and STIPULATED:

Dated:  December 11, 2008          LOEB & LOEB LLP


By:   /s/  Jeffrey D. Goldman
   Jeffrey D. Goldman
   Attorneys for Plaintiffs



Dated:  December 11, 2008          KEKER & VAN WEST, LLP


By:   /s/  Daralyn J. Durie
   Daralyn J. Durie
   Attorneys for Defendant Myxer, Inc.

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

IT IS SO ORDERED.


Dated: December 17, 2008          _____
                                   Hon. Gary A. Feess
                                   United States District Judge