UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3935 GAF(JCx) | Date | April 27, 2010 |
|---|---|---|---|
| Title | Arista Records LLC, et al. v. Myxer, Inc., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| none | none | | |

| Proceedings: | ORDER (1) DENYING DEFENDANT MYXER'S MOTION FOR AN *IN CAMERA* REVIEW OF DOCUMENTS IDENTIFIED ON VERIZON'S PRIVILEGE LOG; AND (2) DENYING VERIZON'S REQUEST FOR SANCTIONS |
|---|---|

**I.     SUMMARY**

    Pending before this Court is Defendant Myxer's Motion for an In Camera Review of Documents Identified in Verizon's Privilege Log ("Defendant's Motion") which was heard on April 27, 2010 at 9:30 a.m.[1]  Defendant requests that the Court (1) conduct an *in camera* review of three documents designated as items 21, 22 and 23 on Verizon's privilege log; and (2) order such documents promptly produced if the Court determines that they are not privileged.  Although Verizon's privilege log asserts that the documents in issue are protected both by the attorney-client privilege and as attorney work product, Verizon opposes Defendant's Motion only on the ground that such documents constitute attorney work product, *i.e.*, that the documents reflect the substance of an investigation by a non-attorney, conducted at an attorney's express request, and prepared because of anticipated litigation.  Verizon also seeks sanctions in the form of $3862.50 in attorney's fees expended in opposing Defendant's Motion pursuant to Fed. R. Civ. P. 37(a)(5)(B).

    Based upon the Court's consideration of the parties' submissions and counsel's arguments, and for the reasons articulated below, Defendant's Motion is denied and Verizon's request for sanctions is denied.

---

[1] In connection with Defendant's Motion, defendant and third party Verizon Wireless Telecom, Inc. ("Verizon") submitted and the Court has considered the following documents:  (1) Joint Stipulation of Counsel in Connection with Defendant's Motion ("Joint Stipulation or "JS") – a document which includes a declaration of defendant's counsel Kristin Sciarra ("Sciarra Decl.") with exhibits ("Sciarra Ex."), a declaration of Verizon's counsel Jeffrey Darnell ("Darnell Decl.") with exhibits ("Darnell Ex.") and a declaration of Verizon's Assistant General Counsel, Brian Ashby ("Ashby Decl."); and (2) Defendant's Supplemental Memorandum in Reply to Verizon's Joint Stipulation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3935 GAF(JCx) | Date | April 27, 2010 |
|---|---|---|---|
| Title | Arista Records LLC, et al. v. Myxer, Inc., et al. | | |

**II.     FACTS**[2]

Defendant Myxer provides technology that simplifies the process of managing and delivering content, such as ringtones to mobile devices. Defendant's business requires users to be able to download content onto their mobile phones. Therefore, telecommunications carriers serve an important role of functionality of defendants' business.

During the course of discovery in this action, it became apparent that plaintiffs had engaged in discussions with telecommunications carriers regarding defendant and defendant's business. On October 29, 2009, defendant served subpoenas on multiple non-party telecommunications providers including Verizon. Because defendant was unable to enforce the subpoenas by the discovery cut-off date, it sought leave from the District Judge to modify the scheduling order.

On January 21, 2010, the District Judge granted defendant leave to enforce the subpoenas in issue. The District Judge determined that precluding defendant from conducting discovery regarding the defenses of copyright misuse and unclean hands may cause defendant to suffer substantial prejudice. The District Judge specifically recognized that it was defendant's theory that plaintiffs had engaged in anticompetitive behavior giving rise to such defenses by communicating with telecommunications carriers regarding defendant's business – communications which may have caused the carriers, in light of declining revenues, to halt business with defendant.

Defendant and Verizon thereafter engaged in meet and confer sessions regarding the discovery called for by the subpoena directed to Verizon. (Sciarra Decl. ¶¶ 9-20). A narrow dispute remains with respect to whether documents identified as items 21, 22 and 23 on Verizon's privilege log are protected by the attorney-client privilege or constitute attorney work product.[3] (Sciarra Decl. ¶¶ 3, 20; Sciarra Ex. F).

The disputed documents consist of a single four-page e-mail chain, a redacted version of which has been produced by Verizon to defendant.[4] (Darnell Decl. ¶ 2; Darnell Ex. A). Verizon has also permitted defendant's counsel to review an unredacted copy of one of the e-mails in the e-mail chain (a March 2, 2009 5:27 p.m. e-mail from Ed Ruth that is at the bottom of VZW 0222, VZW 0223 and VZW

---

[2]The facts set forth are drawn from the District Judge's January 21, 2010 Order unless otherwise indicated.

[3]As noted above, however, Verizon currently objects to the review and disclosure of such documents only on the ground that the documents constitute attorney work product.

[4]Item No. 21 on the privilege log corresponds to discovery Bates number VZW 0222. Item No. 22 on the privilege log corresponds to discovery Bates numbers VZW 0224-0225. Item No. 23 on the privilege log corresponds to discovery Bates number VZW 0223. (Darnell Decl. ¶ 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3935 GAF(JCx) | Date | April 27, 2010 |
|---|---|---|---|
| Title | Arista Records LLC, et al. v. Myxer, Inc., et al. | | |

0225 ("Ruth's 5:27 e-mail")) pursuant to an agreement whereby defendant's counsel agreed not to disclose or use its contents in any way. (Sciarra Decl. ¶ 6; Darnell Decl. ¶¶ 3, 4). Defendant and Verizon agree that the contents of the e-mail chain are relevant to the underlying litigation. (Sciarra Decl. ¶ 21).

No attorney generated or was a party to the e-mails in issue. (Sciarra Decl. ¶ 4). The unredacted portion of Ruth's 5:27 e-mail reflects that Ruth was seeking "comments or upgrades" from multiple other individuals regarding a draft report he intended to send to "Brian A. and David B." (Darnell Ex. A). Brian Ashby is an Assistant General Counsel at Verizon. (Ashby Decl. ¶ 1). The portion of Ruth's 5:27 e-mail which was intended for "Brian A. And David B." is directed to "Brian," and reflects that "[p]er their discussion last week," Ruth had "done a little investigating and [had] found" redacted information, and that Ruth was "concerned at this point that [Verizon's] messaging business may get pulled into litigation[.]" (Darnell Ex. A).

Prior to March 2009 and the generation of Ruth's 5:27 e-mail, Ashby became aware of allegations that defendant had violated copyright laws. (Ashby Decl. ¶ 2). He accordingly became concerned that the copyright holders, or even defendant itself, might later assert claims against Verizon in litigation. (Ashby Decl. ¶ 2). Based on the foregoing, Ashby asked Ruth, a Verizon employee, to investigate certain aspects of defendant's business and to report back to him. (Ashby Decl. ¶ 3). Ashby asked Ruth to conduct this investigation because Ruth had the expertise necessary for the task. (Ashby Decl. ¶ 3). The documents in issue are responsive to Ashby's request for an investigation to Ruth. (Ashby Decl. ¶ 4).

**III. APPLICABLE LAW**

The work product doctrine/privilege, codified in Rule 26(b)(3) of the Federal Rule of Civil Procedure, generally protects from discovery documents prepared (1) in anticipation of litigation or for trial; and (2) by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent). See F.R. Civ. P. 26(b)(3); In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management) ("Torf"), 357 F.3d 900, 906 (9th Cir. 2004). A document should be deemed prepared "in anticipation of litigation," and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. Torf, 357 F.3d at 907 (citation omitted). The "because of" standard does not consider whether litigation was a primary or secondary motive behind the creation of a document. Id. at 908. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation. Id. (citation omitted). However, a generalized fear of litigation is insufficient. See Lewis v. Wells Fargo & Co., __ F.R.D. __, 2010 WL 890183 (N.D. Cal. Mar. 12, 2010) (generalized fear of litigation does not turn compliance audit into attorney work product). The timing of the preparation of the documents in issue relative to litigation is a relevant factor to consider in assessing whether the documents were prepared in anticipation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3935 GAF(JCx) | | Date | April 27, 2010 |
|---|---|---|---|---|
| Title | Arista Records LLC, et al. v. Myxer, Inc., et al. | | | |

litigation. See Lewis, 2010 WL 890183 at *7 (fact that audits in issue began at least a year before litigation filed suggest that documents would have been created in substantially similar form even if no litigation anticipated).

Rule 26(b)(3) distinguishes between work product, which consists of factual material prepared in anticipation of litigation or trial ("fact work product"), and opinion work product, which consists of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." F.R. Civ. P. 26(b)(3). Fact work product is discoverable only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. See F.R. Civ. P. 26(b)(3); Upjohn Co. v. United States, 449 U.S. 383, 400-02 (1981). Opinion work product is discoverable only "when mental impressions are at issue in a case and the need for the material is compelling." Holmgren v. State Farm Mutual Automobile Insurance Co., 976 F.2d 573, 577 (9th Cir. 1992).

The party claiming work product immunity has the burden of proving the applicability of the doctrine. United States v. City of Torrance, 163 F.R.D. 590, 593 (C.D. Cal. 1995); see also United States v. Roxworthy, 457 F.3d 590, 593 (6th Cir. 2006) (party asserting work product privilege bears burden of establishing that documents party seeks to protect were prepared in anticipation of litigation). To meet this burden, a party must demonstrate that its documents adhere to the essential elements of the privilege by making a prima facie showing that the privilege protects the information the party intends to withhold. In re Grand Jury Investigation, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (citation omitted). The Ninth Circuit has recognized a number of means of sufficiently establishing a privilege, one of which is the privilege log approach. Id. at 1171 (citing Dole v. Milonas, 889 F.2d 885, 888 n.3, 890 (9th Cir. 1989)).

If a party asserting a privilege has made a threshold showing sufficient to demonstrate the essential elements of the privilege in issue, an opposing party seeking to justify an *in camera* review must show a factual basis sufficient to support a reasonable good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged. Id. at 1075. If the party makes such a showing, the decision whether to conduct an *in camera* review rests within the discretion of the court. Such discretion is to be guided by the factors enumerated in United States v. Zolin, 491 U.S. 554 (1989) (courts should make decision to review in light of amount of material they have been asked to review, the relevance of the alleged privilege material to the case, and the likelihood that *in camera* review will reveal evidence to establish the applicability of exception warranting production of material). Id. at 1075.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3935 GAF(JCx) | Date | April 27, 2010 |
|---|---|---|---|
| Title | Arista Records LLC, et al. v. Myxer, Inc., et al. | | |

**IV.     ANALYSIS**

First, the Court addresses whether Verizon has made a prima facie showing that the documents constitute work product, *i.e.*, that they were prepared (1) in anticipation of litigation or for trial; (2) by or for another party or by or for that other party's representative (including the party's attorney, consultant, surety, indemnitor, insurer or agent).

The evidence establishes:  Verizon's in-house counsel asked Ruth, a non-lawyer who had the requisite expertise, to investigate certain aspects of defendant's business and to report back to him because in-house counsel was concerned that copyright holders or defendant might assert claims against Verizon in litigation.  Ruth did so and generated a draft report which Ruth shared with other non-lawyers at Verizon for comment and which such other non-lawyers commented upon in advance of being forwarded to in-house counsel.  In the draft, Ruth himself expressed concern that Verizon's messaging business might get pulled into litigation.  The e-mails between Ruth and the other non-lawyer Verizon employees are responsive to in-house counsel's request to Ruth for an investigation.

The foregoing facts coupled with the fact that the instant litigation between defendant Myxer and plaintiffs, who assertedly are copyright holders, had already been filed and was ongoing when the assertedly work product documents in issue were generated, persuade this Court that Verizon has made a prima facie case that the documents in issue constitute work product.

Second, the Court considers whether defendant has shown a factual basis sufficient to support a reasonable good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged.  Defendant has not presented the Court with any evidence of a factual basis sufficient to support a reasonable good faith belief that the documents in issue do not constitute attorney work product.  Although the parties to the communications in issue are not attorneys, that fact is not sufficient to support a reasonable good faith belief that an *in camera* inspection may reveal evidence that the information does not constitute attorney work product because the communications relate to an internal investigation conducted at the behest of in-house counsel regarding Verizon's exposure to reasonably anticipated litigation by copyright holders or defendant, as opposed to a "generalized fear of litigation."

Third, the Court considers whether Verizon is entitled to monetary sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(B).  The Court concludes, based upon a review of the documents filed in connection with Defendant's Motion, including the extensive meet and confer efforts, the ultimately narrow nature of the dispute presented to the Court, the fact that Verizon originally asserted that the documents in issue were subject to the attorney-client privilege as well as the work product privilege but ultimately elected not to pursue the former position in the Joint Stipulation, and the factual and legal complexity of the privilege/work product issues involved, that the circumstances of this case would make such an award of expenses unjust.

IT IS SO ORDERED.                                                                      Initials of Deputy Clerk: KC